(No. 75-CV-22— ▮▮▮▮▮▮▮▮▮▮▮

JUNE TANAKA, on behalf of LAURA TANAKA, a minor, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1975.*

PER CURIAM.

This claim arises out of a criminal offense that occurred on December 12, 1973, at the vicinity of the 2000 block of Church Street, Evanston, Cook County, Illinois. June Tanaka, the claimant, seeks payment of compensation for injuries incurred by her dependent daughter, Laura Tanaka, pursuant to the provisions of the "Crime Victims Compensation Act." *Ill. Rev. Stat., Ch. 70, §71 et seq.* (hereafter referred to as the "Act".)

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant's dependent daughter, Laura Tanaka, age 15, was a victim of a violent crime, as defined in §2 (c) of the Act, to wit:

"Rape" (Ill. Rev. Stat., 1973, Ch. 38, §11-1); and "Aggravated Battery" (Ill. Rev. Stat., 1973, ch. 38, §12-4).

2. That on December 12, 1973, the claimant's daughter sustained a knife wound to her hand and was subsequently raped. Prior to the incident, the victim was walking home from school.

3. That statements taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon her.

4. That the victim sustained numerous injuries for which she was hospitalized and received surgery. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of the said report is retained in the Court's file in

this matter, and the facts as reported therein are incorporated in the opinion by reference.

5.   The assailants, Walter Leroy Palmer and Bryon Turner, stood trial for rape and aggravated battery. Palmer was committed to the Illinois Department of Mental Health and Turner was convicted and given five (5) years probation.

6.   That there is no evidence that the victim and her assailants were related or sharing the same household.

8.   That the victim at the time of her injury was unemployed and not contributing to the support of the claimant

9.   That the claimant incurred medical and hospital expenses for the victim which were not covered by insurance or other compensation, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Hospital (Skokie) | $2,295.55 |
| 2) | Medical | $1,245.00 |
| | | $3,540.55 |

10.   That, in determining the amount of compensation to which an applicant is entitled, §7 (d) of the Act states that this Court—

"(d)   shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, no benefits were received by the claimant, as contemplated by §7 (d) of the Act. The statutory deduction of $200 having been deducted from the gross amount of loss shown in ¶9, leaves

an amount of $3,340.55 as the actual compensable loss sustained by the claimant.

IT IS HEREBY ORDERED that the sum of $3,340.55 be awarded to the claimant, June Tanaka, mother of the victim, who assumed the hospital and medical expenses for Laura Tanaka, her dependent daughter and the victim of a violent crime.